NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TESS KORTH MEYOKOVICH,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2024-1239

---

Petition for review of the Merit Systems Protection Board in Nos. SF-0752-23-0289-I-1, SF-1221-23-0290-W-1.

---

Decided: October 21, 2024

---

TESS KORTH MEYOKOVICH, Discovery Bay, CA, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ALBERT S. IAROSSI, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, CHEN and STOLL, *Circuit Judges*.

PER CURIAM.

Petitioner Tess Korth Meyokovich appeals a final decision of the Merit Systems Protection Board (Board) granting in part and denying in part her requests for corrective action under the Whistleblower Protection Act (WPA) and dismissing for lack of jurisdiction her claim alleging constructive removal. Because the Board did not abuse its discretion, its findings are supported by substantial evidence, and Ms. Meyokovich presents no argument as to the dismissal of the constructive removal appeal, we *affirm*.

## BACKGROUND

Ms. Meyokovich began working at the United States Department of Justice (the agency) in the Federal Bureau of Prisons (BOP) in 1997 as a guard and, later, as a case manager and unit manager. S. Appx. 3.[1] Ms. Meyokovich was stationed at a Federal Correctional Institution (FCI) in Dublin, California (FCI Dublin), which is one of nineteen correctional institutions in the BOP's Western Region. S. Appx. 2–3.

In September 2021, after an investigation by the agency's Office of the Inspector General (OIG) and the Federal Bureau of Investigation, then-warden of FCI Dublin Ray Garcia was charged in a criminal complaint related to misconduct at FCI Dublin. S. Appx. 1106–07. In early 2022, both the BOP Western Regional Office and the BOP Central Office convened assessment teams to evaluate staff performance at FCI Dublin. S. Appx. 2760–61; S. Appx. 2928–29. After the assessments identified numerous noncompliance issues, Western Regional Director Melissa Marques reassigned all managers at FCI Dublin who had been working at the institution for six

---

[1] "S. Appx." refers to Respondent's Supplemental Appendix.

months or more.    S. Appx. 2912–17.    All FCI Dublin managers, including Ms. Meyokovich, had previously signed mobility statements indicating that the BOP may relocate them based on agency needs.  S. Appx. 680.

During her time at FCI Dublin, Ms. Meyokovich raised concerns of various forms of mismanagement at the institution.  Ms. Meyokovich filed a complaint with OIG in January 2022 reporting objections about the administration of FCI Dublin generally, the conditions of inmates in quarantine housing, and adherence to COVID protocols.  S. Appx. 163–64.  She voiced similar concerns internally to her supervisors at FCI Dublin.  S. Appx. 2568–78.

In May 2022, the BOP met with Ms. Meyokovich and notified her that she was reassigned to a unit manager position at the FCI in Sheridan, Oregon (FCI Sheridan).  S. Appx. 74.    During the meeting, Ms. Meyokovich informed the BOP that she would be retiring in July 2022.  S. Appx. 2580, 2622, 2676.  Ms. Meyokovich voluntarily retired from her position with the BOP on July 16, 2022, before being reassigned to FCI Sheridan.  S. Appx. 536.

After retiring, Ms. Meyokovich filed an individual right of action (IRA) claim with the Board alleging the BOP retaliated against her for whistleblowing in violation of the WPA.  S. Appx. 65–73.  Ms. Meyokovich also claimed constructive removal, which the Board docketed as a separate appeal (No. SF-0752-23-0289-I-1) and joined with the IRA appeal (No. SF-1221-23-0290-W-1).  S. Appx. 102–103.  The Board granted-in-part and denied-in-part Ms. Meyokovich's request for corrective action as to her whistleblower retaliation claim. S. Appx. 1–45. The Board denied Ms. Meyokovich's request for corrective action based on the BOP's reassignment of her to FCI Sheridan. *Id.* at 36–45.  Ms. Meyokovich appeals the denial-in-part.  The Board granted Ms. Meyokovich's request for corrective action based on other grounds, which Ms. Meyokovich does

not appeal.  S. Appx. 25–35, 45.  Ms. Meyokovich also appeals the Board's dismissal for lack of jurisdiction of her constructive removal claim, though she presents no argument on that issue.  S. Appx. 45–52.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited.  We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  Credibility determinations made by the Board are "virtually unreviewable" on appeal.  *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986).

I

Ms. Meyokovich argues the Board did not consider the agency's failure to cooperate in the discovery process during her IRA claim.  Petitioner's Informal Br. 2.  She contends the agency failed to produce requested documents and her second motion to compel discovery responses was improperly denied as moot because the discovery period was over.  *Id.*

Discovery matters fall within the sound discretion of the Board and its officials.  *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988).  We review such matters for an abuse of discretion.  *Id.* at 1378–79.

Before the Board, Ms. Meyokovich filed two motions to compel discovery responses.  S. Appx. 1339–42; S. Appx. 1521–26.  The Board denied the first motion because Ms. Meyokovich did not meet and confer with the agency before filing a motion to compel, as required by Board procedural rules.  S. Appx. 1510–15; *see also* 5 C.F.R. § 1201.73(c)(1), .74(a).  The Board denied the second

motion as moot because the agency produced emails showing it had made the requested documents accessible to Ms. Meyokovich.  S. Appx. 1727–30.

The Board did not, as Ms. Meyokovich argues, deny her motion to compel because the discovery period was over. Rather, the Board determined, based on the agency's opposition to the motion and attached emails, that the discovery issues surrounding Ms. Meyokovich's second motion to compel had been resolved and her request was therefore moot.  S. Appx. 1728; *see also* S. Appx. 1704–07, 1724–25.  Ms. Meyokovich takes issue with the content of the agency's discovery response by arguing the agency did not disclose all relevant information.  Petitioner's Informal Br. 2.  Ms. Meyokovich, however, does not provide support for her contention that any undisclosed documents exist. The Board therefore did not abuse its discretion by determining that the agency disclosed the documents sought by Ms. Meyokovich.

II

Ms. Meyokovich argues the Board erred in denying-in-part her claim for corrective action because the BOP did not have a legitimate reason to reassign her.  Ms. Meyokovich acknowledges that her position requirements allow for reassignment to "meet the legitimate needs of the [BOP]."  Petitioner's Informal Br. 2.  She argues, however, that the agency's purpose in reassigning her—to mitigate negative publicity after recent events at FCI Dublin—was not a legitimate need for reassignment.  *Id.*

Analysis of a whistleblower reprisal claim takes place within a burden shifting framework.  To establish a prima facie case of reprisal for whistleblowing, an employee must show by preponderant evidence that:  (1) the employee engaged in protected whistleblowing activity under 5 U.S.C. § 2302(b); and (2) the protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5

U.S.C. § 1221(e)(1); *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012). An employee may demonstrate that a protected disclosure or activity was a contributing factor in a personnel action by showing the official taking the personnel action knew of the disclosure or protected activity and the timing of the personnel action was such that a reasonable person could conclude the disclosure or protected activity was a contributing factor (the "knowledge/timing" test). 5 U.S.C. § 1221(e)(1); *Kewley v. Dep't of Health & Hum. Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). The agency can rebut a prima facie case with clear and convincing evidence that it would have taken the same personnel action without the protected disclosure. 5 U.S.C. § 1221(e)(2).

The Board found that Ms. Meyokovich engaged in protected whistleblowing activity. Specifically, it found (1) her filing of a complaint with OIG in January 2022 was protected activity, and (2) she made protected disclosures internally regarding COVID protocols on cleaning supplies, cross-contamination of inmates and staff, and improper management of transfers. S. Appx. 17, 21–23. The Board also found the BOP's May 2022 reassignment was a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iv). *Id.* at 31. But the Board denied Ms. Meyokovich's request for corrective action because it found Ms. Meyokovich's protected activity and disclosures were not a contributing factor in the agency's reassignment decision, and the agency had independent reasons for its mass reassignment decision. *Id.* at 36–45.

Substantial evidence supports the Board's finding that Ms. Meyokovich's OIG complaint and internal protected disclosures do not satisfy the knowledge/timing test because no one responsible for the reassignment had knowledge of the OIG complaint or internal protected disclosures. *Id.* at 36–40. The Board explained the OIG is a separate component of the agency and is not part of the BOP. *Id.* at 36. The Board found no evidence that

Ms. Meyokovich's complaint was reported to anyone at the BOP and credited Regional Director Marques' testimony that she was unaware of the OIG complaint prior to the reassignment decisions. *Id.* at 36–37. The Board also credited Regional Director Marques' testimony that she was unaware of the internal protected disclosures. *Id.* at 38. The Board found no evidence that anyone aware of the internal protected disclosures gave input to Regional Director Marques regarding reassignments. *Id.* at 39.

The Board did not limit its contributing factor analysis to the knowledge/timing test. It considered whether other relevant evidence showed Ms. Meyokovich's protected activity was a contributing factor in her reassignment. *Id.* at 40–44. Substantial evidence supports the Board's finding that Ms. Meyokovich did not establish contributing factor causation outside of the knowledge/timing test. The Board found the mass reassignments were a reasonable measure to address institutional problems, which were unrelated to Ms. Meyokovich's OIG complaint or internal protected disclosures. *Id.* at 41–42. Indeed, Ms. Meyokovich was one of over twenty managers who were reassigned. S. Appx. 506–07.

Ms. Meyokovich argues the agency lacked a legitimate reason for her reassignment. Petitioner's Informal Br. 2. Because Ms. Meyokovich did not establish a *prima facie* case of reprisal for whistleblowing, the burden did not shift to the agency to show that it would have reassigned Ms. Meyokovich had she not engaged in protected activity. *See* 5 U.S.C. § 1221(e)(2). Ms. Meyokovich's challenge to the legitimacy of her reassignment does not undermine the substantial evidence supporting the Board's findings that her protected activity was not a contributing causal factor to her reassignment.

## CONCLUSION

We have considered Ms. Meyokovich's remaining arguments and find them unpersuasive. We affirm the

MEYOKOVICH v. DOJ

Board's denial-in-part of Ms. Meyokovich's request for corrective action based on reprisal for whistleblowing activity. Because Ms. Meyokovich presents no argument as to the Board's dismissal of her claim for constructive removal, we deem any challenge to that decision forfeited and accordingly affirm the Board's dismissal.

## AFFIRMED

COSTS

No costs.